IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER WEST, et al., | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-5252 |
| | : | |
| 3M COMPANY | : | |
| *f/k/a* MINNESOTA MINING AND | : | |
| MANUFACTURING CO., et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                    **February 11, 2026**

Plaintiffs, former professional baseball players or representatives of their estates, sued Defendants in state court, alleging prolonged exposure to per- and polyfluoroalkyl substances (PFAS) caused them to develop various cancers. Defendant 3M Company subsequently removed the case to this Court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Plaintiffs move to remand this action back to state court arguing removal was untimely and improper. Because removal was timely and proper, Plaintiffs' motion will be denied.

**BACKGROUND**

Plaintiffs are former professional baseball players for the Philadelphia Phillies or representatives of their estates who allege that prolonged exposure to PFAS contained in the AstroTurf, a specific brand of synthetic turf, at Veterans Stadium caused various cancers. Am. Compl. ¶¶ 1-15, 157, Dkt. No. 1-3. Plaintiffs assert only state-law claims, including strict liability, negligence, failure to warn, fraud, wrongful death, and loss of consortium, against several chemical manufacturers and turf suppliers, including 3M. *Id.* ¶¶ 232-789.

Plaintiffs' complaint does not allege exposure to aqueous film-forming foam (AFFF),[1] military firefighting foam, or any conduct expressly undertaken at the direction of the federal government. 3M, nevertheless, removed the case pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. 3M asserts Plaintiffs' alleged PFAS exposure plausibly arose, at least in part, from PFAS released by MilSpec AFFF that 3M manufactured for the United States military and allegedly contaminated municipal drinking water supplies in Philadelphia and San Diego where the Plaintiffs lived. Notice of Removal ¶¶ 22-36. Based on those allegations, 3M asserts a government contractor defense. Plaintiffs move to remand.

**LEGAL STANDARD**

Under the federal officer removal statute, a civil action may be removed if it is brought against a "person acting under" a federal officer and is "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). To remove under Section 1442(a)(1), a defendant must plausibly allege: (1) it is a "person" within the meaning of the statute; (2) it acted under the direction of a federal officer; (3) the plaintiff's claims are "for or relating to" acts taken under the color of federal office; and (4) it has raised a colorable federal defense. *Mohr v. Trs. of Univ. of Pennsylvania*, 93 F.4th 100, 104 (3d Cir. 2024). "Section 1442(a) is an exception to the well-pleaded complaint rule" and must be construed liberally in favor of removal. *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811-12 (3d Cir. 2016).

Under 28 U.S.C. § 1446(b), the thirty-day removal clock begins only when the defendant receives a pleading or "other paper" that affirmatively reveals removability. *McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022). The inquiry turns on what the defendant received from the

---

[1]    AFFF is a fire suppressant used to extinguish fuel fires. Notice of Removal ¶ 21, Dkt. No. 1.

plaintiff, not on what the defendant may have known or discovered independently. *Id.* at 238. If no pleading triggers removability, removal may occur at any time because no removal clock begins. *Id.* at 241.

**DISCUSSION**

Plaintiffs argue that removal was untimely because 3M filed its notice of removal more than thirty days after being served with the original complaint. However, neither Plaintiffs' original complaint nor their amended complaint alleges exposure to AFFF, military firefighting foam, military installations, or drinking water contamination. As a result, no thirty-day removal clock started because removability was not triggered. Because Plaintiffs never provided a filing that affirmatively disclosed the basis for removal asserted by 3M, removal was timely under Section 1446(b).

Turning to the merits of the removal, 3M properly removed this action under the federal officer removal statute based on a colorable government contractor defense because it meets all four requirements. First, it is undisputed that 3M, a corporation, qualifies as a "person" under Section 1442(a)(1). *See Papp*, 842 F.3d at 812 (finding "Boeing, a corporation, is in legal fact a person" under Section 1442(a)(1)). Second, a private contractor is "acting under" a federal officer if it helps "the Government produce an item that it needs." *Watson v. Philip Morris Co., Inc.*, 551 U.S. 142, 154 (2007). 3M has plausibly alleged it manufactured AFFF for the U.S. military in compliance with precise military specifications and testing requirements. Courts have repeatedly held that manufacturers of MilSpec AFFF act under the direction of federal officers when producing the product pursuant to detailed military specifications and qualification requirements. *See, e.g., Illinois ex rel. Raoul v. 3M Co.*, 693 F. Supp. 3d 948, 954 (C.D. Ill. 2023); *Nessel v. Chemguard, Inc.*, No. 20-1080, 2021 WL 744683, at *3 (W.D. Mich. Jan. 6, 2021); *Ayo v. 3M Co.*,

No. 18-0373, 2018 WL 4781145, at *8-9 (E.D.N.Y. Sept. 30, 2018). 3M's allegations, therefore, satisfies the "acting under" requirement.

Third, the "for or relating to" federal conduct element requires only "a connection or association" between the plaintiff's claims and the defendant's federal conduct. *Papp*, 842 F.3d at 813. 3M alleges that Plaintiffs' PFAS exposure plausibly arose, at least in part, from PFAS released by the MilSpec AFFF that contaminated municipal drinking water supplies in locations where Plaintiffs lived and worked. This requirement is also satisfied.

Fourth, 3M raises a colorable federal defense. A federal defense is colorable if it is plausible, not if it is certain to succeed. *Papp*, 842 F.3d at 815 (citing *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969)). 3M asserted in its notice of removal that it was entitled to a federal contractor defense. A federal contractor defense applies against product liability claims where the government approved reasonably precise specifications, the product conformed to those specifications, and the government knew of the relevant hazards. *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988). 3M has plausibly alleged each of the *Boyle* elements with respect to its manufacture of MilSpec AFFF. 3M alleged MilSpec AFFF was manufactured based on military AFFF specifications requiring fluorinated surfactants, it was subjected to military qualification testing and approval, and the Government had extensive knowledge of the PFAS risks while continuing to procure and use AFFF. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. 18-2873, 2019 WL 2807266, at *2-3 (D.S.C. May 24, 2019) (AFFF multidistrict litigation court finding that this defense is colorable for purposes of federal officer removal). 3M, therefore, raises a colorable federal defense. Whether 3M will ultimately prevail on that defense is a merits question not properly resolved at the jurisdictional stage. Further, Plaintiffs' argument that their

4

complaint omits AFFF allegations does not defeat removal because Section 1442 is an exception to the well-pleaded complaint rule. *Mesa v. California*, 489 U.S. 121, 136 (1989).

**CONCLUSION**

Because removal was timely and 3M has plausibly satisfied all requirements for federal officer removal under 28 U.S.C. § 1442(a)(1), Plaintiffs' motion to remand is denied.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.